EDWARD C. LOGAN, LLC.
Edward C Logan, Esq., EL1395
3490 U.S. Route 1 North, Suite 7-B
Princeton, NJ 08540
(609) 452-1100
Attorneys for the Plaintiffs
Salvatore Cambria and
Erik Onyango

| | |
|---|---|
| Salvatore Cambria and<br>Erik Onyango<br><br>                    Plaintiff,<br><br>v.<br><br><br>The New Jersey Lottery Commission,<br>Carol Hedinger, Chris Christie and<br>the Multi-State Lottery Association<br><br>                    Defendant. | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>TRENTON VICINAGE<br><br><br>DOCKET NO.:<br><br><br><br><br>**COMPLAINT IN CIVIL ACTION**<br>**WITH JURY DEMAND** |

### PRELIMINARY STATEMENT

This action seeks damages and attorney's fees and costs for the New Jersey Lottery Commission's refusal to pay the plaintiffs' their winning prize of $1,000,000.00 and names the Director of the New Jersey Lottery Commission Carol Hedinger, the Governor of New Jersey, Chris Christie and the Multistate Lottery Association. The plaintiffs seek payment on their winnings for a lost or destroyed lottery ticket or in the alternative damages for the negligence of the party or parties for failing to update the winning number on the public internet web site which resulted in the plaintiff, Salvatore Cambria discarding a winning ticket.

## JURISDICTION AND VENUE

This action is brought pursuant to 28 U.S.C. § 1332, Diversity in Citizenship. The Plaintiffs, Salvatore Cambria and Erik Onyango who are residents of Suffern, New York, The New Jersey Lottery Commission is a New Jersey governmental agency that administers the New Jersey Lottery and the Multi-State Power Pall Game offered in several states and operated by the Multi-State Lottery Association. The Lottery Commission is headed by its commissioner, Carol Hedinger, New Jersey's Chief Executive officer is the Governor, Chris Christie, all residents or citizen's of New Jersey as defined by 28 U.S.C. § 1332 as well as the Multi-State Lottery Association which administers the "Power Ball" lottery contest and other multi-state lottery contests held in several states co-operatively and is located in Urbandale, Iowa.

There is complete diversity between the parties. Plaintiffs claim damages in excess of $75,000.00 and Plaintiffs have properly invoked diversity jurisdiction in this federal court.

## COUNT I
### BREACH OF CONTRACTUAL OBLIGATION TO PAY PLAINTIFFS' WINNING PRIZE MONEY

1. This action seeks damages from the State of New Jersey, specifically the New Jersey Lottery Commission for failure to pay plaintiffs' $1,000,000.00 winnings for a ticket purchased from a 7-11 in Mahwah New Jersey a registered New Jersey Lottery Dealer on March 23, 2013.

2. The plaintiff, Erik Onyango acting in concert with his partner and co-plaintiff Salvatore Cambria purchased 3 lottery tickets for the Multi-State Powerball is succession at the Mahwah 7-11 and turned over what turned out to be the middle or winning ticket to Salvatore Cambria who had picked those number this ticket contained serial numbers RW-422945891 and RW-422945892.

3. The Ticket had correctly picked 5 of the 6 numbers drawn but did not correctly pick the "Powerball" number and was therefore a prize winner for the consolation prize of $1,000,000.00.

**WHEREFORE**, the Plaintiffs, Salvatore Cambria and Erik Onyango, demand judgment against the Defendants, The New Jersey Lottery Commission, Carol Hedinger, theNew Jersey Lottery Commissioner, Governor Chris Christie and the Multi-State Lottery Association plus attorney fees and costs of this action and such relief as be necessary and appropriate under the facts of this case, the laws of the United States and the law of the State of New Jersey.

## COUNT II
### NEGLEGENCE IN REPORTING ERRONEOUS WINNING NUMBERS

4. Later on the evening of the drawing the plaintiffs were speaking on the telephone to each other and at sometime after the drawing had occurred and at a time when the website operated by the lottery would have ordinarily posted the winning numbers, the plaintiff, Erik Onyango relayed the posted numbers to his partner and the co-plaintiff Salvatore Cambria.

5. The operators of the website had not timely updated the current winning numbers and based on the numbers related to Cambria by Onyango.

6. As a result of the negligence in updating the numbers Cambria discarded his winning ticket as is his habit.

7. The parties filed a claim form with the New Jersey Lottery Commission as they were instructed to do by the agents at the commission they contacted by telephone a copy of which is attached here as exhibit "A" on January 15, 2014 well within the 1 year requirement for filing a claim for a lost, stolen or destroyed ticket.

8. The plaintiffs here may not have produced the winning ticket but have tendered 2 of the three tickets purchased in immediate succession can prove that they in fact purchased and possessed the original ticket.

9. The facts of this particular case are unique in that the winning ticket was purchased by them and in sequence between two tickets which have been tendered and the plaintiffs have proof that they purchased the winning ticket and that it was only discarded because the lottery commission and / or the Multi-State Lottery Association was negligent in updating the means of announcing the winning ticket.

**WHEREFORE,** the Plaintiffs, Salvatore Cambria and Erik Onyango, demand judgment against the Defendants, The New Jersey Lottery Commission, Carol Hedinger, theNew Jersey Lottery Commissioner, Governor Chris Christie and the Multi-State Lottery Association plus attorney fees and costs of this action and such

relief as be necessary and appropriate under the facts of this case, the laws of the United States and the law of the State of New Jersey.

### COUNT III
### UNJUST ENRICHMENT

10. T the Plaintiffs, Salvatore Cambria and Erik Onyango are the purchasers of a winning consolation power Ball Lottery Ticket on March 23, 2014 with a prize in the amount of $1,000,000.00.

11. By virtue of the negligence of the reporting systems operated by the defendants the ticket was discarded.

12. The Defendants would be unjustly enriched if they were not required to pay the plaintiffs their winnings.

**WHEREFORE,** the Plaintiffs, Salvatore Cambria and Erik Onyango, demand judgment against the Defendants, The New Jersey Lottery Commission, Carol Hedinger, theNew Jersey Lottery Commissioner, Governor Chris Christie and the Multi-State Lottery Association  plus attorney fees and costs of this action and such relief as be necessary and appropriate under the facts of this case, the laws of the United States and the law of the State of New Jersey.

Dated: 6/24/2014

Edward C. Logan, EL1395
Attorney for the Plaintiffs